UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| IN RE:<br><br>Gilliard, James NMN Jr<br>Last Four Digits of SSN: 6316<br>Gilliard, Carol Green<br>Last Four Digits of SSN: 0009<br><br>DEBTOR(S) | CASE NO:<br>CHAPTER 13<br><br>NOTICE, CHAPTER 13 PLAN, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NON-POSSESSORY SECURITY INTEREST AND LIEN, AND / OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE |
|---|---|

**I. NOTICE TO CREDITORS AND PARTIES IN INTEREST:** The debtor[1] has filed a chapter 13 bankruptcy case and listed you as a creditor or interested party. The debtor has filed the following chapter 13 plan and motions which may affect your rights. **Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.**

  A. ADDITIONS, MODIFICATIONS, OR DELETIONS: All additions or modifications to the Courts form plan (See exhibits to SC LBR 3015-1 and 3015-2, SC LBR refers to the SC Local Bankruptcy Rules, available at www.scb.uscourts.gov) are highlighted by italics. Deletions are noted as Not Applicable or by striking through the deleted provisions. If changes are substantial or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be filed and served herewith.

  B. DEADLINE FOR FILING OBJECTIONS, NOTICE OF HEARING ON CONFIRMATION OF CHAPTER 13 PLAN AND MOTIONS: Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-eight (28) days from the date this document is served. Timely objections will be heard at the confirmation hearing, notice of which is given separately in the Notice of Meeting of Creditors. If a timely objection is filed after the confirmation hearing, a separate hearing on the objection will be scheduled and notice of such a hearing will be given. If no timely objection is filed, the Court, upon recommendation of the chapter 13 trustee and without further hearing or notice, may enter an order confirming the plan and granting the motions.

**II. MOTION TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditor:

  A. <u>Nonpossessory, Nonpurchase-Money Lien</u>: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase-money security interest and lien in household goods:

| Name of creditor and description of property securing lien | Value of Debtors interest in property | Total of all other liens | Exemption | Estimated security interest/debt | Security interest Not avoided (see IV(B)(4) below) | Security interest to be avoided (see IV(E) below) |
|---|---|---|---|---|---|---|
| Security Finance Household goods | $2,425.00 | $90.00 | $2,425.00 | $750.00 | -0- | ALL |
| World Finance | $2,425.00 | $750.00 | $2,425.00 | $90.00 | -0- | ALL |

  B. <u>Judicial Lien</u>: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:[2]

| Name of creditor and description of property securing lien | Estimated judicial lien | Total of all senior/ unavoidable liens | Applicable Exemption and Code Section | Value of the debtors interest in property | Judicial lien not avoided | Judicial lien avoided |
|---|---|---|---|---|---|---|
| **NONE** | | | | | | |
| | | | | | | |

---

[1] When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.
[2] For co-owned property, see In re Ware, 274 B.R. 206 (Bankr. D.S.C. 2001) and Exhibit C to SC LBR 4003-2.

C. <u>Valuation of Security</u>: The debtor moves, in accordance with 11 U.S.C. § 506, to establish the value of a lien as follows:

| Name of creditor and description of property securing lien | Value of Debtors interest in property | Holder and amount of superior liens | Estimate of creditors claim | Value of lien (see IV(B)(4) below) | Unsecured claim after valuation (see IV(E) below) |
|---|---|---|---|---|---|
| **NONE** | | | | | |

D. <u>Assumption or Rejection of Executory Contract/Unexpired Lease</u>: The debtor moves for the assumption of the following executory contract and/or unexpired lease. The debtor agrees to abide by all terms of the agreement and to cure any pre-petition arrearage or default in the manner below. Any executory contract or unexpired lease not specifically mentioned is rejected.

| Name of Creditor and lease or contract to be assumed | Amount of regular payment | Estimated amount of Default (state if none) | Cure Provisions for any default paid by (Debtor or trustee) | Regular payments to be paid by Debtor directly to creditor beginning (month/year) |
|---|---|---|---|---|
| **NONE** | | | | |

**III. THE CHAPTER 13 PLAN: PAYMENT OBLIGATIONS OF THE DEBTOR.**

A. <u>Payments from the debtor to the chapter 13 trustee (the trustee)</u>: The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan. In addition, the debtor will pay to the trustee any portion of a recovery under a pre-petition claim or cause of action that constitutes disposable income or is not exempt.

The debtor shall pay to the trustee the sum of **$665.00** per month for a period of **SIXTY (60)** months, unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.

B. <u>Payments from the debtor directly to creditors</u>: The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. The debtor may be required to pay some or a portion of pre-petition debts directly to a creditor in addition to required payments to the trustee, as indicated in paragraph II(D) above and/or in the paragraphs that follow.

**IV. PLAN DISTRIBUTIONS TO CREDITORS.** To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court. If a claim designated in this plan as secured is filed as an unsecured claim and the plan is confirmed, the claim may be treated as unsecured for purposes of plan distributions by the trustee. If a creditor files a proof of claim alleging that the claim is secured, but does not timely object to the confirmation of the plan and the claim is treated as unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to a claim. The trustee, after the deduction of the trustee's commission and expenses, or the debtor, as indicated, shall make payments as follows:

A. <u>Attorney for the debtor</u>:

1. The debtor and the debtors attorney have agreed to an attorneys fee in the amount of $3,200.00 for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of $700.00 was paid prior to the filing of the case. The remaining fee shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse $1,000.00 to the attorney from the initial disbursement.[3] Thereafter, the balance of the attorneys compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an

---

[3] The chapter 13 trustee shall not at any time disburse to the debtor's attorney more than: (a) the unpaid balance of (1) the fee to be paid under the plan pursuant to paragraph 1 herein, or (2) the fee previously applied for and authorized pursuant to paragraph 2 herein, plus (b) any supplemental fee then applied for and authorized under the terms of the applicable Procedures for Approval of Attorney's Fees in Chapter 13 Cases.

attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorneys fees in advance of payments to creditors.

    2. If, as an alternative to the above treatment, the debtors attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $__N/A____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $___N/A____ or less.

    B. Secured Creditor Claims: The plan treats secured claims as follows:

    1. General Provisions: The terms of the debtors pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming the plan, or other order of the Court. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall timely satisfy any liens in the manner required by applicable law or order of this Court. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise. Any funds that would have been paid to any such creditor will be distributed according to the remaining terms of the plan. (The preceding language does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4)). Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may send standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

    2. Long-term or mortgage debt. No default: **NONE**

    3. Long term or mortgage debt. Curing default: 11 U.S.C. 1322(b)(3) and/or (5):

    a. Arrearage payments. The trustee shall pay the arrearage as stated in the creditors allowed claim or as otherwise ordered by the Court to Carrington Mortgage LLC/Citifinancial at the rate of $343.00 or more per month*,* secured by 1st mortgage 1676 Snowden Rd., Mt. Pleasant, SC, along with no interest. The creditor shall apply trustee payments solely to those designated arrearages, i.e., those arrearages accruing before the month specified in (b) below. For so long as the debtor complies with this plan, a creditor may not declare a default based on any payment delinquency to be cured by this paragraph and the creditor shall not impose any post-petition fee on account of any arrearage paid by the trustee.

    b. Maintenance of regular non-arrearage payments. Beginning **July 2014**, the Debtor shall pay directly to the creditor non-arrearage payments arising under the agreement with the secured creditor. The creditor shall apply each payment under this paragraph solely to post-petition obligations that accrue during or after the month specified herein.

    4. Secured portion of claims altered by valuation and lien avoidance: **NONE**

    5. Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien):

The trustee shall pay Westlake Financial, secured by 2003 Cadillac Escalade, the sum of $142.00 or more per month, along with 5.25% interest until the allowed secured claim is paid in full.

The trustee shall pay Title Max, secured by 2002 Honda Accord, the sum of $32.00 or more per month, along with 5.25% interest until the allowed secured claim is paid in full.

    6. Surrender of property: The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property: (Name of creditor and property address or collateral description). Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property. **NONE**

    7. Secured tax debt: The trustee shall pay (creditor name) the sum of $ (payment amount) or more per month until the (net balance or value) of creditors secured claim plus (percentage) % interest has been paid. If the lien is to be valued, the debtor shall file a separate motion to value the claim and establish priority of any remaining tax obligations. If a tax priority

creditor files a claim designated as secured, is not treated as secured in this paragraph, and does not timely object to confirmation of this plan, then the claim may be paid as a priority claim for purposes of distributions from the trustee. **NONE**

    C. Priority Creditors: Priority claims shall be paid as follows:

        1. Domestic Support Claims. 11 U.S.C. § 507(a)(1): **NONE**

          a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO creditor), at the rate of $ (amount) or more per month until the balance, without interest, is paid in full.

          b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

          c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 1322(a)(2).)

        2. Other Priority debt. The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis.    Charleston County Tax Collector
           Internal Revenue Service

    D. Executory Contracts and Unexpired Leases: Regular payments that arise post-petition under an executory contract or lease that is being assumed shall be paid directly by the debtor according to the terms of the contract or lease. Pre-petition defaults will be cured by payments of the sum of $ (payment amount) or more per month by the trustee or the debtor according to paragraph II(D). Claims arising from the rejection of executory contracts or leases shall be general unsecured claims unless otherwise ordered by the Court. **NONE**

    E. General Unsecured Creditors: General unsecured creditors shall be paid allowed claims *pro rata* by the trustee to the extent that funds are available after payment of all other allowed claims. The debtor does not propose to pay 100% of general unsecured claims.

**V. PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION:**
Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

|  |  |
|---|---|
| Charleston, South Carolina<br>Dated:  May 30, 2014 | /s/ Elizabeth M. Atkins<br>Elizabeth M. Atkins, Esquire    D.C.I.D. 4436<br>Attorney for Debtors<br>778 St. Andrews Blvd.<br>Charleston, SC 29407<br>Telephone:  (843) 763-0333 |

**CERTIFICATE OF SERVICE**

The above signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The list of the specific names and addresses of parties served with the plan is attached to the plan filed with the Court.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-2<br>Case 14-02869-jw<br>District of South Carolina<br>Charleston<br>Fri May 30 13:24:05 EDT 2014 | AT&T<br>Attorney or Manager<br>PO Box 5093<br>Carol Stream IL 60197-5093 | Applied Business Service<br>Attorney or Manager<br>For Roper St Francis Physician<br>617 Soundside Rd<br>Edenton NC 27932-8922 |
| Elizabeth M. Atkins<br>778 St. Andrews Blvd<br>Charleston, SC 29407-7168 | Attorney General of US<br>Civil Division, Bankruptcy Section<br>U.S. Department of Justice<br>Washington DC 20530-0001 | CAB Collection Agency<br>For East Cooper Emergency Physicians<br>5640 Rivers Ave<br>Charleston SC 29406-6027 |
| Carrington Mortgage Services LLC/<br>Citifinancial<br>Attorney or Manager<br>PO Box 692408<br>San Antonio TX 78269-2408 | Cavalry SPV I, LLC<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595-1340 | Central Financial Control<br>Attorney or Manager<br>For East Cooper Medical Center<br>PO Box 66044<br>Anaheim CA 92816-6044 |
| Charleston County Recorder<br>Attorney or Manager<br>101 Meeting Street Rm 201<br>Charleston SC 29401-2249 | Charleston County Tax Collector<br>c/o Charleston County Bankruptcy Dept<br>4045 Bridge View Drive Suite B119<br>North Charleston SC 29405-7464 | Coastal Vascular and Vein Center<br>Attorney or Manager<br>1327 Ashley River Rd Blg B<br>Charleston SC 29407-5384 |
| Community First<br>Attorney or Manager<br>PO Box 22467<br>Charleston SC 29413-2467 | Credit Protection Association<br>Attorney or Manager<br>For Comcast Cable<br>13355 Noel Rd Ste 2100<br>Dallas TX 75240-6837 | Datatrac/Senick Mathews Brown<br>Attorney or Manager<br>For Anesthesia Assoc of Charleston<br>109 Edgebrook Dr<br>Anderson SC 29621-2544 |
| Designed Receivables<br>Attorney or Manager<br>For Charleston Emergency Services<br>1 Centerpointe Dr Ste 450<br>La Palma CA 90623-1089 | East Cooper Hospital Medical Center<br>Attorney or Manager<br>2000 Hospital Dr<br>Mount Pleasant SC 29464-3764 | Elizabeth M. Atkins, Esquire<br>778 St Andrews Blvd<br>Charleston SC 29407-7168 |
| First Premier Bank<br>Attorney or Manager<br>601 S Minnesota Ave<br>Sioux Falls SD 57104-4824 | Carol Green Gilliard<br>1676 Snowden Road<br>Mount Pleasant, SC 29464-9208 | James NMN Gilliard Jr.<br>1676 Snowden Road<br>Mount Pleasant, SC 29464-9208 |
| IC Systems<br>Attorney or Manager<br>For Roper Radiologists<br>PO Box 64378<br>Saint Paul MN 55164-0378 | (p) INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia PA 19101-7346 |
| KCI USA<br>Attorney or Manager<br>PO Box 203084<br>Houston TX 77216-3084 | Midland Funding<br>Attorney or Manager<br>For T Mobile<br>8875 Aero Dr Ste 200<br>San Diego CA 92123-2255 | NCO Financial Services<br>Attorney or Manager<br>For Progressive Insurance<br>PO Box 15636<br>Wilmington DE 19850-5636 |
| Oasis Hyperbarics<br>Attorney or Manager<br>1156 Bowman Rd Ste 103<br>Mount Pleasant SC 29464-3803 | Receivable Management Corp<br>Attorney or Manager<br>For Coastal Gynecology Obstetric<br>1601 Shope Rd Ste D<br>Columbia SC 29201-4855 | Receivable Management Corp<br>Attorney or Manager<br>For Mathis Perry Storage<br>1601 Shope Rd Ste D<br>Columbia SC 29201-4855 |

```
Riley Pope & Laney, LLC                SC DEW                            SC Department of Revenue & Taxation
For Carrington Mortgage/Citifinancial  PO Box 995                        PO Box 12265
PO Box 11412                           Columbia SC 29202-0995            Columbia SC 29211-2265
Columbia SC 29211-1412


(p)SC STUDENT LOAN CORP                SC Student Loan Corp              SCA Collections
PO BOX 102423                          Attorney or Manager               Attorney or Manager
COLUMBIA SC 29224-2423                 PO Box 102423                     For Coastal Pathology Lab
                                       Columbia SC 29224-2423            PO Box 876
                                                                         Greenville NC 27835-0876


South Carolina Federal Credit Union    Southern Lease Mgmt               T Mobile Bankruptcy Team
Attorney or Manager                    Attorney or Manager               Attorney or Manager
PO Box 190012                          PO Box 539                        PO Box 53410
North Charleston SC 29419-9012         Memphis TN 38101-0539             Bellevue WA 98015-3410


US Trustee's Office                    US Attorney for SC                US Department of Education
Strom Thurmond Federal Building        For IRS                           Attorney or Manager
1835 Assembly Street                   Attn.: Douglas Barnett            PO Box 4222
Suite 953                              1441 Main Street, Suite 500       Iowa City IA 52244
Columbia, SC 29201-2448                Columbia SC 29201-2897


US Dept of Education Direct Loans      Wells Fargo (p)                   Westlake Financial
Attorney or Manager                    Attorney or Manager               Attorney or Manager
PO Box 5609                            PO Box 9210                       PO Box 54807
Greenville TX 75403-5609               Des Moines IA 50306-9210          Memphis TN 38101


World Finance                          James M. Wyman
Attorney or Manager                    PO Box 997
1220 Hwy 703 Unit 4                    Mount Pleasant, SC 29465-0997
Moncks Corner SC 29461
```